Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6961 | DATE | 1/8/2002 |
| CASE TITLE | COMMERCIAL UNION INSURANCE CO. vs. AUTO EUROPE, L.L.C. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion to transfer venue pursuant to 28 U.S.C. sec. 1404(a) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 10 2002 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 02 JAN 10 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| COMMERCIAL UNION INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) AUTO EUROPE, L.L.C. ) ) Defendant. ) | No. 01 C 6961<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Commercial Union Insurance Company (Commercial), filed a declaratory judgment action, seeking a determination of Commercial's duty to defend defendant, Auto Europe, in the presently pending cause of action *Harter, et al. v. Auto Europe, L.L.C., et al.*, No. 01 L 7549 (Harter Suit). Presently before the Court is defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

Auto Europe is a Delaware corporation with its principal place of business in Portland, Maine. It is a wholly owned subsidiary of Travel Services International (TSI), which is a subsidiary of AirTours P.L.C. (AirTours). TSI is located in Florida, and AirTours is located in England. Commercial is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

Auto Europe is a named insured under policies issued annually by Commercial (Commercial Policies) to AirTours from October 1, 1997 to October 1, 2000. In 2000, AirTours purchased TSI, which owned Auto Europe. As a result, TSI was added as an insured to the Commercial Policies, and Auto Europe became an insured as a subsidiary of TSI.

Auto Europe is also a named insured under policies issued by The Connecticut Indemnity Company (Connecticut Indemnity) from February 1, 1999 to February 1, 2000, and from September 30, 2000 to September 30, 2001 (Connecticut Indemnity Policies). Both the Commercial Policies and the Connecticut Indemnity Policies insure Auto Europe for wrongful or negligent acts or omissions under a Tour Operators Professional Liability Coverage Form and a Travel Agents Proffessional Liability Policy, respectively.

In June 2001, Bjorn Harter and William Grogan (collectively the Harter Plaintiffs), on behalf of themselves and a national class of plaintiffs, filed the Harter Suit in Illinois state court. The second amended complaint of the Harter Suit seeks compensatory and punitive damages from Auto Europe for alleged violations of the Illinois Consumer Fraud Act (ICFA), the Maine Unfair Trade Practices Act (MUTP), and the Racketeering Influenced and Corrupt Organizations Act (RICO). The Harter Suit alleges that Auto Europe engaged in improper acts by misstating that a foreign "sales tax" or "value added tax" was due on the car rental price when no such tax was actually due.

Auto Europe has demanded that both Commercial and Connecticut Indemnity honor their duty to defend. Both insurers deny their duty to defend, citing similar reasons and relying on similar exclusions in the insurance policies. In September 2001, Commercial filed the present action in the United States District Court for the Northern District of Illinois (Illinois District Court). In its complaint, Commercial contends that it does not have a duty to defend Auto Europe because the underlying claims of the Harter Suit are not covered by the terms of the insurance policy.

In November 2001, Auto Europe filed a complaint for declaratory relief and a breach of contract claim against Connecticut Indemnity in the United States District Court for the District of

2

Maine (Maine District Court). Auto Europe's action against Connecticut Indemnity seeks a declaratory judgment as to Connecticut Indemnity's duty to defend Auto Europe in the Harter Suit.

Auto Europe seeks to transfer the present cause of action to the Maine District Court pursuant to 28 U.S.C. § 1404(a).

A federal district court may, "for the convenience of the parties, in the interest of justice ... transfer any civil action where it might have been brought". 28 U.S.C § 1404(a). The district court must consider the statutory factors in light of all the circumstances on a case-by-case basis. *See Coffey v. Van Dorn Works*, 796 F.2d 217, 219 (7th Cir. 1986) (*Coffey*). The movant bears the burden of establishing that the transferee forum is clearly more convenient, and the final decision lies in the sound discretion of the trial judge. *Coffey*, 796 F.2d at 219.

A transfer pursuant to § 1404(a) is appropraite if: (1) venue is proper in both the transferor and the transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Barnes v. Rollins Dedicated Carriage Serv.*, 976 F.Supp. 767, 768 (N.D. Ill. 1997) (*Barnes*).

*Venue*

Both parties and the Court agree that venue is proper in the Northern District of Illinois (the transferor court) and the District Court of Maine (the transferee court).

*Convenience of Parties and Witnesses*

When determining the convenience of the parties and witnesses, the court considers: (1) the plaintiff's choice of forum, (2) the site of material events, (3) the convenience to the parties of litigating in the respective forum, and (4) the availability of evidence in each forum. *Barnes*, 976 F.Supp. at 768.

3

Plaintiff's Choice of Forum and Site of Material Events

Generally, a plaintiff's choice of forum is granted considerable weight. However, the weight granted to the plaintiff's choice of forum is significantly diminished when the events giving rise to the cause of action took place outside the plaintiff's choice of forum. *Evangelical Lutheran Church in America v. Atlantic Mutual Ins. Co.*, 973 F.Supp. 820, 822 (N. D. Ill. 1997) (*Evangelical*).

In the instant case, the Illinois District Court is plaintiff's choice of forum. In addition, the events giving rise to the present cause of action, Commercial's decision to deny coverage based on its interpretation of the insurance policies, took place in Commercial's Illinois office. *See Evangelical*, 973 F.Supp. at 823 (event giving rise to declaratory judgment action due to denial of insurance coverage was the location of the decision to deny coverage). Accordingly, both of these factors weigh in favor of retaining the cause of action.

The Convenience to the Parties of Litigating in the Respective Forum and The Availability of Evidence in Each Forum

Auto Europe argues that it would be more convenient for its main witness, a resident of Maine, to testify in Maine. Furthermore, many of the documents are located in Maine, making Maine a more convenient location of litigation. Commercial argues that its main witness, the individual handling the claim in the Illinois office, is an Illinois resident, making Illinois convenient for its witness. It is noted that the parties are presently briefing cross motions for summary judgment that will likely dispose of the present suit; therefore, no witnesses may be required for this cause of action. Furthermore, the limited question of Commercial's duty to defend would most likely require few witnesses, especially in comparison to the fact-intensive proofs that will be required in the underlying Harter Suit presently pending in an Illinois court.

4

The documents underyling the present cause of action are in Maine for Auto Europe and in Illinois for Commercial, the location of the office handling the disputed claim. In light of both parties' primary witnesses' locations, the limited (if any) number of witnesses, and because the documents underlying the litigation are located in both Maine and Illinois, the convenience to the parties in litigating in either Maine or Illinois is equal. Accordingly, this factor does not weigh in transfer of the cause of action. *See Sage Products, Inc. v. Devon Industries, Inc.*, 148 F.R.D. 213, 216 (N.D. Ill. 1993) (transfer is not appropriate if an inconvenience to one party is simply transferred to the other party).

*Interests of Justice*

The interests of justice component of a § 1404(a) transfer analysis is a separate component and may be determinative in certain cases, even if the convenience of the parties and witnesses might indicate a different result. *Coffey*, 796 F.2d at 220. Factors considered in this analysis include: (1) transferring to a district where the litigants are more likely to receive a speedy trial; (2) transferring where consolidation is feasible; and (3) in diversity actions, having judges try the case who are familiar with the applicable state law. *See Coffey*, 796 F.2d at 221.

Transfer To a District Where Litigants Are More Likely To Receive a Speedy Trial and Where Consolidation Is Feasible

Auto Europe argues that transfer is appropriate because there has been no discovery between the parties, no discovery issues have been decided by the Court, and transfer to Maine would allow this cause of action to be consolidated with the pending Connecticut Indemnity Suit. Commercial argues that transfer would cause a delay in the resolution of the present case because the parties have indicated that the case may be resolved through summary judgment motions and that such cross-motions for summary judgment will be fully briefed by January 14, 2002, with a

future status date and possible ruling by February 8, 2002.

Auto Europe provides no evidence that the litigants are more likely to receive a speedy trial in the Maine District Court. *See Tensor Group, Inc. v. All Press Parts & Equip., Inc.*, 966 F.Supp. 727, 730 (N.D. Ill. 1997); *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1169 (N.D. Ill. 1995) (both cases using most recent statistics regarding judicial caseloads, time of filing to disposition, and time of filing to time of trial to determine if alternate forum would provide a more speedy trial). Auto Europe correctly argues that consolidation with the Connecticut Indemnity Suit is feasible in the Maine District Court. However, Auto Europe presents no evidence demonstrating that such consolidation would not cause a substantial delay in the possible resolution of the instant case in light of the fact that the present case may be resolved in early February 2002 via the summary judgment motions. In short, Auto Europe has failed to demonstrate that transfer of this case will result in a more speedy trial and the possible consolidation with the Connecticut Indemnity Suit favor transferring this case to the Maine District Court.

Judges Trying the Case Who Are Familiar with the Applicable State Law

The parties disagree which law will be applied in the present suit. Auto Europe argues that Maine law will apply because Maine has the "most significant contacts" with this action. Commercial argues that Maine law will not apply, but it does not identify which state law it believes should be applied.

Assuming *argumendo*, without deciding, that Maine law does apply, this factor must be considered in favor of transferring this case to the Maine District Court. However, in light of all of the above factors and the findings within, this is the only factor in favor of transfer; and, as such, transfer of this case is not appropriate.

For the foregoing reasons, defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is denied.

Dated: January 8, 2001

JOHN W. DARRAH
United States District Judge